IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

OMARR D. BOONE,

  Movant,

v.               Case No. 3:23-cv-00109
                Case No. 3:21-cr-00101-1

UNITED STATES OF AMERICA,

  Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant Omar D. Boone's ("Defendant") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (ECF No. 70). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

    *I.*   RELEVANT PROCEDURAL HISTORY[1]

    *A.*  *Defendant's district court criminal proceedings.*

On March 9, 2021, officers from the Huntington Police Department responded to a shooting at the Shell gas station at 2207 8th Avenue in Huntington, West Virginia. (ECF No. 1-1). After reviewing security footage and speaking to witnesses on the scene, officers learned that the driver of a 2019 black Jeep Cherokee had shot at an individual in a van.

---

[1] The undersigned's citations to the district court record herein will refer to the docket entries as "ECF No. ___" and will use the pagination appearing at the top of the ECF document (which may differ from the page numbers appearing within the document itself, such as transcript pagination).

(*Id.*)  After a brief pursuit, officers were able to conduct a traffic stop on the 2019 black Jeep Cherokee, and they identified Defendant as the driver of the vehicle.  (*Id.*)  A Smith & Wesson SD9 VE firearm was located underneath the center console of the vehicle.  (*Id.*)

During the investigation, officers determined that Defendant was a convicted felon and was prohibited from possessing any firearms.  Among other convictions, Defendant was convicted, on or about January 4, 2011, in the Court of Common Pleas for Portage County, Ohio, of the felony offense of Trafficking in Drugs (Cocaine).  Additionally, on or about January 25, 2016, he was convicted of the felony offense of carrying a concealed weapon in the Third Judicial Circuit Court for the State of Michigan.

After Defendant was taken into custody, he was read his Miranda rights and interviewed.  During the consented-to interview, he admitted to shooting the firearm at the Shell gas station and further admitted he knew he was a convicted felon and could not possess firearms.

On March 30, 2021, a federal criminal complaint was filed against Defendant in the United States District Court for the Southern District of West Virginia, alleging that he had violated 18 U.S.C. § 922(g)(1).  (ECF No. 1).  On April 8, 2021, United States Magistrate Judge Cheryl A. Eifert determined that probable cause existed to find that Defendant had committed the crime charged in the complaint.  (ECF. No. 13).  Then, on June 11, 2021, Defendant was indicted by a federal Grand Jury on a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2).  (ECF No. 16).

On July 13, 2021, Defendant, through his court-appointed counsel, A. Courtney Craig ("Mr. Craig"),[2] moved to dismiss the indictment, arguing that it was fatally defective because it did not track the mandatory language of the statute in violation of Defendant's Fifth and Sixth Amendment rights. (ECF No. 31). Specifically, Mr. Craig argued that the indictment omitted required language that Defendant "unlawfully" possessed the firearm. (*Id.* at 3-4). Following oral argument, on August 2, 2021, the presiding District Judge denied Defendant's motion. (ECF No. 34). Specifically, Judge Chambers found:

> Boone argues that the Indictment fails to track the statutory language of the charged offense. In *United States v. Hooker*, 841 F.2d 1225 (4th Cir. 1988), the Fourth Circuit recited the two requirements by which a court must assess the sufficiency of an indictment under the Fifth and Sixth Amendments of the United States Constitution: (1) "whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet," and, (2) "'in the case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'" *Hooker*, 841 F.2d at 1227 (quoting *Russell v. United States*, 369 U.S. 749, 763-64 (1962)) (internal quotation marks omitted).
>
> Here, Boone is charged with violating 18 U.S.C. § 922 (g)(1), which requires the Government to prove:
>
> > (i) that [he] was a convicted felon at the time of the offense;
> > (ii) that he voluntarily and intentionally possessed a firearm;
> > and (iii) that the firearm traveled in interstate commerce at some point.
>
> *See United States v. Adams*, 814 F.3d 178 (4th Cir. 2016) (quoting *United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001)) (quotation marks and citation omitted). The Indictment at issue tracks these requirements. It alleges the following:
>
> > 1. On or about March 9, 2021, at or near Huntington, Cabell County, West Virginia, and within the Southern District of West Virginia, defendant OMARR DARON BOONE knowing possessed a firearm, that is, a Smith & Wesson SD9 VE handgun, in and affecting interstate commerce . . . .

---

[2] The government's brief incorrectly refers to Defendant's counsel as "she."

3

> 2. At the time defendant OMARR DARON BOONE possessed the aforesaid firearm, he knew he had been convicted of the following crimes each of which was punishable by imprisonment for a term exceeding one year, that is:
>
>> a. Convicted on or about January 26, 2016, in the Third Judicial Circuit Court of Michigan of the felony offense of Weapons-Carrying Concealed, in violation of Michigan Penal Code Section 750.227, Case Number 15-005357-01-FH;
>>
>> b. Convicted on or about December 16, 2010, [i]n The Court of Common Pleas Portage County, Ohio of the felony offense of Trafficking in Cocaine, in violation of Ohio Revised Code 2925.03, Case Number 2010-CR-951.
>
> In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).
>
> Boone asserts that the omission of the term "unlawfully" is a fatal defect and points to *United States v. Morrison*, 536 F.2d 286 (9th Cir. 1976) for support. However, the defect at issue in *Morrison* was the failure to allege an applicable *mens rea* for the charge. In contrast, the Indictment here clearly alleges that Boone knowingly possessed a firearm. <u>The other elements have also been properly alleged.</u> To the extent that the Government must allege in an indictment that the offense conduct was unlawful, the Government has met that requirement here by alleging that Defendant's conduct violated 18 U.S.C. §§ 922 (g)(1) and 924(a)(2). Accordingly, the Court DENIES Boone's motion (ECF No. 31).

(ECF No. 34 at 1-2) (emphasis added).

On September 14, 2021, Defendant pled guilty, pursuant to a written plea agreement with the United States, wherein he admitted to violating 18 U.S.C. § 922(g)(1) and provided a Stipulation of Facts that supported the charge against him. (ECF Nos. 42, 43). The Stipulation of Facts acknowledged that Defendant possessed a stolen firearm that had been shipped or transported in interstate commerce and that Defendant knew

4

he was prohibited from possessing a firearm due to his prior felony convictions. (ECF No. 42 at 9).

Significantly, Defendant's plea agreement also contained a broad waiver provision in which he knowingly and voluntarily waived the right to seek appellate review of his conviction and sentence, unless his sentence exceeded the statutory maximum, and specifically waived any challenge to the constitutionality of his statute of conviction. He further knowingly and voluntarily waived the right to bring any collateral attack of his conviction and sentence under 28 U.S.C. § 2255 that is not based upon a claim of ineffective assistance of counsel. (ECF No. 42 at 5-6).

On December 16, 2021, the Movant was sentenced to 100 months of imprisonment, to be followed by a three-year term of supervised release. (ECF No. 52). Prior to the sentencing hearing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"), which included a proposed calculation of Defendant's advisory sentencing guideline range under the applicable United States Sentencing Guidelines. Defendant filed a Sentencing Memorandum in which he argued mitigating sentencing factors and sought a downward variance from the proposed guideline range based upon family circumstances. (ECF No. 48). At the sentencing hearing, Mr. Craig also emphasized Defendant's violent background. (ECF No. 63 at 5-6). Nonetheless, the District Court declined to vary from the guideline range. (*Id.* at 9).

B.  *Defendant's direct appeal.*

On December 20, 2021, Defendant filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit (ECF No. 56), but later moved to voluntarily dismiss his direct appeal. (ECF No. 68). The direct appeal proceeding was dismissed by the Fourth Circuit on May 11, 2022. (*Id.*)

  C. *The instant § 2255 motion and related briefing.*

On February 10, 2023, Defendant timely filed the instant § 2255 motion asserting three overall claims for relief. First, Defendant claims that his counsel, Mr. Craig, provided ineffective assistance of counsel by not challenging the sufficiency of his indictment on the basis that it did not include the serial number of the subject firearm and further allegedly failed to track the full statutory language, including that he possessed a "firearm or ammunition" "in and affecting interstate commerce" or "which has been shipped or transported in interstate or foreign commerce." Thus, Defendant claims that the indictment failed to state a valid offense in violation of the Fifth and Sixth Amendments. (ECF No. 71 at 3-7). Defendant further asserts that, but for this alleged deficient performance by Mr. Craig, he would not have pled guilty and would have insisted on going to trial. (*Id.*) He also claims for the first time that his guilty plea was unknowing and involuntary. (*Id.*)

Second, Defendant makes a substantive constitutional challenge to his conviction under § 922(g)(1) based upon the Supreme Court's intervening decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), arguing that *Bruen* recognized that Defendant has a Second Amendment right to bear arms for self-defense purposes outside his residence. (ECF No. 71 at 9-10). Specifically, Defendant argues that his conduct is covered by the plain text of the Second Amendment and that there is no historical analogue concerning regulation of firearms that would justify the firearm prohibition in § 922(g)(1). (*Id.* at 11-18). This claim is not addressed in the context of ineffective assistance of counsel.

Finally, Defendant asserts that Craig provided ineffective assistance of counsel at sentencing in three ways: (1) by failing to object to Defendant's two-level sentencing

6

enhancement under USSG § 2K2.1(b)(4)(A) for a stolen firearm or to seek a "downward variance" due to a lack of an "empirical basis" for the enhancement; (2) by failing to challenge his sentencing enhancement on the basis that one of his prior offenses was not a "controlled substance offense;" and (3) by failing to argue for a downward variance based upon policy grounds and the alleged hardship of being incarcerated during the COVID-19 pandemic. (ECF No. 71 at 19-24). Based upon these claims, Defendant sought vacatur of his § 922(g)(1) conviction and withdrawal of his guilty plea and dismissal of the charge with prejudice, and/or vacatur of his sentence and resentencing to cure the alleged sentencing deficiencies. (*Id.* at 25). Defendant alternatively seeks an evidentiary hearing on his claims. (*Id.*)

On November 24, 2023, as ordered by the Court, Mr. Craig filed an Affidavit addressing Defendant's claims of ineffective assistance of counsel. (ECF No. 76). Subsequently, the United States of America ("the government") filed a Response to Defendant's § 2255 motion, as also ordered by the Court. (ECF No. 77). Defendant did not file a reply brief. The undersigned will discuss these documents as necessary *infra*.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a movant must prove by a preponderance of the evidence that "[his] sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law. . . ." 28 U.S.C. § 2255 (2012); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *Sutton v. United States of America*, No. 2:02-cr-65, 2:05-cv-91, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006) ("A motion collaterally attacking a prisoner's sentence brought pursuant to § 2255 requires the [movant] to establish his grounds by a preponderance of the evidence."). If the § 2255

7

motion, along with the records of the case, "conclusively show that [the movant] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

#### A. *Defendant's substantive constitutional challenge to § 922(g)(1).*

The undersigned begins with Defendant's second claim for relief which makes a substantive constitutional challenge to his § 922(g)(1) conviction under the Second Amendment. As noted by the government, this challenge is not based on alleged ineffective assistance of counsel (ECF No. 77 at 7) and, thus, it is barred by the waiver provision in Defendant's plea agreement, which specifically waived any constitutional challenge to his statute of conviction and further specifically waived any collateral attack of his conviction not grounded in ineffective assistance of counsel. Therefore, although the government also addresses the merits of this claim under the *Bruen* decision in its response, the undersigned proposes that the presiding District Judge **FIND** that this claim is barred from review in this § 2255 proceeding based upon Defendant's knowing and voluntary guilty plea in accordance with the waiver provisions of his written plea agreement and, thus, the Court should decline to address the merits of the claim.

#### B. *Defendant's ineffective assistance of counsel claims.*

The undersigned now turns to Defendant's claims that Mr. Craig provided ineffective assistance of counsel at both the pre-trial and sentencing phases of his criminal proceedings. The Supreme Court addressed the right to effective assistance of counsel as guaranteed by the Sixth Amendment in *Strickland v. Washington*, 466 U.S. 668 (1984), in which the Court adopted a two-pronged test. The first prong is competence; movant must show that the representation fell below an objective standard of reasonableness. *Id.*

8

at 687-91. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. *Id.* at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id.* at 690. This inquiry is directed at whether defense counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). "The question is whether counsel made errors so fundamental that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." *Id.* at 88.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice. *Id.* at 697.

In *Hill v. Lockhart*, which is cited by Defendant, the Supreme Court held that the two-part *Strickland* standard applies to challenges to guilty pleas based upon ineffective assistance of counsel. 474 U.S. 52, 58 (1985). In assessing the prejudice prong of *Strickland* under those circumstances, however, courts must consider "whether there is a

9

reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. Furthermore, "[w]hen evaluating objective reasonableness under the prejudice prong of *Strickland*, the challenger's subjective preferences . . . are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." *Christian v. Ballard*, 792 F.3d 427, 452-53 (4th Cir. 2015) (citing *United States v. Fugit,* 703 F.3d 248, 260 (4th Cir. 2012)). Thus, Defendant cannot satisfy *Strickland* "merely by telling the court now that he would have gone to trial [] if he had gotten different advice" from Mr. Craig. *Id.* Rather, "the resolution of the 'prejudice' inquiry will depend largely on whether [an] affirmative defense likely would have succeeded at trial" and "whether [particular] evidence likely would have changed the outcome at trial." *Hill*, 474 U.S. at 59.

Defendant's first claim of ineffective assistance arises out of his assertion that Mr. Craig failed to sufficiently challenge his indictment. Although Mr. Craig did file a motion to dismiss the indictment, asserting that it did not sufficiently state the requisite elements of a § 922(g)(1) offense because it did not include the term "unlawfully," as set forth above, Judge Chambers found that Defendant's indictment sufficiently tracked the statutory language to place Defendant on notice of the conduct that allegedly violated § 922(g)(1). Now, however, Defendant asserts that Mr. Craig should have further challenged the indictment on the basis that it did not include the serial number of the subject firearm and did not cite to all the language contained in § 922(g)(1). He further appears to claim that there is a reasonable probability that, if he had been properly advised of his sentence exposure, or if Mr. Craig had more effectively challenged the indictment and still lost, he would have elected to go to trial and not plead guilty. However, Defendant's present

10

assertions are wholly belied by the acknowledgements and admissions he made during his plea hearing.

As noted by the government, the Fourth Circuit held that a defendant's statements made under oath during a Rule 11 plea colloquy carry such a strong presumption of verity, that "they present a formidable barrier in any subsequent collateral proceedings." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citing *United States v. White*, 366 F.3d 291, 295-96 (4th Cir. 2004)).  Thus, absent extraordinary circumstances, allegations in a § 2255 motion that directly contradict a defendant's sworn statements made during a properly conducted Rule 11 colloquy are considered "palpably incredible" and "patently frivolous or false." *Id*.

At his plea hearing, Defendant gave sworn responses to the Court and acknowledged that he understood the charges to which he was pleading, the penalties for each charge, and the consequences of his plea.  (ECF No. 62 at 9, 14-21).  He further represented that he was fully satisfied with the assistance of his counsel, that pleading guilty was his own decision, and that no one had forced or coerced him to do so.  (*Id*. at 3-4, 21).  In his Stipulation of Facts, Defendant admitted that he possessed the firearm and used it to shoot at the van at the gas station, and that he knew he was a felon who could not possess a firearm, thus satisfying the essential elements of his count of conviction, and his admission was was further supported by a proffer made by the government which Defendant acknowledged was true. (ECF No. 42 at 9-10; ECF No. 62 at 12-14).

Moreover, there does not appear to be any viable affirmative defense or specific evidence that Defendant could have presented to overcome his conviction on the firearms count, as he was a felon and did unlawfully possess the firearm and further admitted that

11

it was stolen, thus supporting the two-level enhancement to his sentence. Furthermore, by pleading guilty, he received a reduction in guideline range for acceptance of responsibility. (ECF No. 63 at 4-5). Thus, Defendant cannot satisfy the prejudice prong of the *Strickland/Hill* standard with respect to Craig's advice and performance pertaining to the motion to dismiss the indictment and surrounding Defendant's guilty plea.

Turning to Defendant's assertions that Mr. Craig provided ineffective assistance at his sentencing, the undersigned begins with Defendant's claim that Mr. Craig should have objected to his two-level sentencing enhancement under USSG § 2K2.1(b)(4)(A) for possessing a stolen firearm because it lacked a "reliable empirical basis." However, as noted by the government, "the firearm recovered from [Defendant] was reported stolen on September 4, 2020, which was 6 months before [his] arrest. The PSR detailed this fact, and the Court reasonably considered this information in applying the enhancement." (ECF No. 77 at 11). Defendant has not disputed these facts, nor could he do so. Thus, this sentencing enhancement was appropriately applied because the firearm found in Defendant's possession was stolen and Defendant admitted the same in his Stipulation of Facts and at his guilty plea hearing. (ECF No. 42 at 9-10; ECF No. 62 at 11-13). Accordingly, any objection to this enhancement at sentencing would have been meritless and would have jeopardized his sentence reduction for acceptance of responsibility. Therefore, Defendant has failed to show that Mr. Craig's conduct fell below an objective standard of reasonableness or unduly prejudiced the outcome of the proceedings to satisfy the two-prong *Strickland* test.

Moreover, Defendant's vague and conclusory assertion in his motion that his Ohio drug offense for "trafficking of cocaine" is not a "controlled substance offense" is irrelevant to his sentence. This allegation was not specifically addressed by the

government's brief. Nonetheless, based upon the undersigned's review of Defendant's motion, he appears to be relying on language and authority related to the career offender enhancement found in USSG §§ 4B1.1 and 4B1.2, claiming that his prior Ohio drug offense does not qualify as a "controlled substance offense" as defined in § 4B1.2.[3] However, the career offender enhancement was not even applied to Defendant's sentence. Therefore, whether Defendant's Ohio drug offense is a "controlled substance offense" has no relevance to his sentence herein. Consequently, Defendant cannot demonstrate that Mr. Craig's failure to assert this challenge either fell below an objective standard of reasonableness or unduly prejudiced the outcome of the proceedings. Thus, Defendant has not established a Sixth Amendment violation under *Strickland* on this basis.

Finally, Defendant asserts that Mr. Craig should have advocated for a downward variance based on policy concerns surrounding the stolen firearm enhancement and due to the hardship he faced by being incarcerated during the COVID-19 pandemic. Relying on the Supreme Court's decisions in *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Spears v. United States*, 555 U.S. 261 (2009), Defendant asserts that Mr. Craig should have argued that the District Court had authority to reject or vary from the Sentencing Guidelines on policy grounds. More specifically, he asserts:

> Federal courts have held that a district court may reject or vary from the stolen-firearm enhancement on policy grounds because Section 2K2.1(b)(4) enhancement lacked a reliable empirical basis. *See United States v. Montague*, 438 Fed. Appx. 478, 482-484 (6th Cir. 2011) (Because the district court did not appreciate its authority to reject or vary from the stolen-firearm enhancement on policy grounds, we are required to vacate the district court's sentence and remand to the district court for

---

[3] In support of this contention, Defendant cites to a Sixth Circuit case, *United States v. Palos*, 978 F.3d 373 (6th Cir. 2020), in which the defendant challenged both a stolen firearm offense under USSG § 2K2.1(b)(4)(A) and a career offender enhancement under USSG § 4B1.1. In addressing the career offender enhancement, the *Palos* Court found that an Ohio cocaine trafficking offense was not a "controlled substance offense" as defined under USSG § 4B1.2. However, that finding had nothing to do with the stolen firearm enhancement that was separately addressed therein and was found by the Court to properly apply.

13

> resentencing.) (emphasis added). Thus, Movant Boone argues that his ex-lawyer should have argued within Movant Boone's Sentencing Memorandum and at his Sentencing Hearing that the district court should vary or reject the enhancement for the stolen firearm enhancement because Section 2K2.1(b)(4)(A) lacked reliable empirical basis.

(ECF No. 71 at 21-22). He further asserts that Mr. Craig should have addressed his eight-and-a-half months of "harsh pre-trial detention through the COVID-19 pandemic" in requesting a downward variance. He cites to various out of jurisdiction cases in support of these contentions. (*Id.* at 22-23).

Mr. Craig did unsuccessfully request a downward variance based upon Defendant's violent upbringing and circumstances surrounding his mother and sister's health; however, he did not make any argument concerning a lack of empirical evidence for the stolen firearm enhancement – nor could he, as Defendant had already admitted that the firearm was stolen and there was evidence to support the same. Mr. Craig's affidavit acknowledges his belief that "[D]efendant's suggested reasons were not recognized reasons for the variance." (ECF No. 76 at 2). Moreover, as asserted by the government, the COVID-19 pandemic "impacted every prison facility across the country" and, thus, was not a then-existing prison condition that uniquely affected Defendant. (ECF No. 77 at 11).

Given the fact that Mr. Craig's request for a downward variance was rejected by the District Court, even if Defendant could show that Mr. Craig's performance fell below an objective standard of reasonableness by not making these additional arguments, Defendant has not demonstrated by a preponderance of the evidence that these additional arguments would have been successful and, thus, he cannot show that he was unduly prejudiced by Mr. Craig's performance. Therefore, he has not established a valid Sixth Amendment violation based on ineffective assistance of counsel at sentencing.

Accordingly, the evidence of record sufficiently demonstrates that Defendant cannot meet the *Strickland* standard with respect to Mr. Craig's conduct throughout his representation of Defendant as alleged herein. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that there is no basis for an evidentiary hearing herein and that Defendant has not demonstrated a valid basis for relief under § 2255.

## IV.   RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 70) and **DISMISS** this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S.

140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

January 13, 2026

Dwane L. Tinsley
United States Magistrate Judge